UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN C. BUMGARNER, JR.,

        Plaintiff,                           Civil Action No.: _____

v.

UNITED STATES OF AMERICA,

        Defendant

## COMPLAINT

The Plaintiff, John C. Bumgarner, Jr., by counsel, for his Complaint against United States of America, appears before this Court and respectfully states as follows:

### Jurisdiction and Venue

1. This Court has subject matter jurisdiction over this matter pursuant to Public Vessels Act, 46 U.S.C. § 31101, *et seq.*; Suits in Admiralty Act, 46 U.S.C. § 30901, *et seq.*; Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C. § 30104; 28 U.S.C. § 1331; and 28 U.S.C. § 1333.

2. Pursuant to Public Vessels Act, 46 U.S.C. § 31104 and Suits in Admiralty Act, 46 U.S.C. § 30906, venue is proper given the fact the vessel involved in this action is found within this district and the Plaintiff lives within this district.

## General Factual Allegations

3.  The Plaintiff, John C. Bumgarner, Jr. ("Plaintiff" or "Mr. Bumgarner") is a resident of the City of Baltimore, Maryland.

4.  United States of America ("Defendant" or "U.S.A.") is a sovereign state which consented to be sued pursuant to 46 U.S.C. § 30901, *et seq.*, and 46 U.S.C. § 31101, *et seq.*

5.  On or about April 1, 2013 and at all times relevant to this action, the Defendant U.S.A. owned the public vessel NS SAVANNAH (the "Vessel.")

6.  At all times relevant to this action, the NS SAVANNAH was and is at berth in the City of Baltimore, Maryland.

7.  On or about April 1, 2013, Tote Services, Inc. ("Tote Services") was ship manager of the Vessel pursuant to a binding contract with U.S.A. and, thus, at all times relevant to this action Tote Services acted as agent on behalf of U.S.A.

8.  On or about April 1, 2013, Mr. Bumgarner was employed by Tote Services, on behalf of U.S.A., as a seaman and a member of the crew of the Vessel.

9.  On or about April 1, 2013, the Defendant U.S.A. by and through its agents, servants, and/or employees, controlled the Vessel.

10. On or about April 1, 2013, U.S.A. operated the Vessel.

11. At all times relevant to this action, U.S.A. was responsible for the acts and omissions of its agents, servants, and/or employees, including the agents, servants, and/or employees of Tote Services.

12. On or about April 1, 2013, while in the in the performance of his duties in the service of the Vessel, the Mr. Bumgarner suffered serious personal injury.

2

13. Generally, Mr. Bumgarner and other seamen were ordered to assist the First Engineer to detach and move a motor on the NS SAVANNAH. During the move, the Engineer ordered them to secure the motor with chains and beam clamps.

14. During the process, a beam clamp sheared the beam which caused the motor to swing and slam repeatedly into Bumgarner's body.

15. The swinging motor hit Bumgarner at least three times and pinned him against the bulkhead of the Vessel.

16. All of the above described actions occurred while the Plaintiff was in the in the performance of his duties under orders and in the service of the Vessel.

17. At all times the U.S.A. was responsible for the actions of its employees and of the conditions aboard the Vessel.

18. Prior to and at the time he suffered injury, the Plaintiff exercised due care for his own safety and well-being.

19. On January 23, 2015, with regard to the incident and injury suffered by Mr. Bumgarner, Plaintiff properly presented to the Division of Marine Insurance for the United States Maritime Administration (MARAD) and to its ship manager, Totes Services, a formal administrative claim that complied with all requirements of law.

20. The administrative claim was hand delivered to and received by MARAD on January 23, 2015.

21. In accordance with law, a copy of the administrative claim was mailed to and received by Tote Services, Inc. via registered mail.

22. More than sixty (60) days have elapsed since MARAD on behalf of U.S.A. received the administrative claim without denial of the claim. Further, the parties have not resolved the claim.

## COUNT I
## JONES ACT NEGLIGENCE CLAIM

23. The Plaintiff reiterates the allegations set forth in all paragraphs written above.

24. The personal injury suffered by the Plaintiff was not caused by any fault on his part but were caused by the negligence of Defendant United States of America, its manager, agents, servants and/or employees and/or Tote Services, Inc., its agents, servants and/or employees.

25. Defendant is responsible for the actions of its agents in the delegation of its duty to provide appropriate medical care to Plaintiff.

26. The Defendant was negligent in the following ways:

    (a) Defendant failed to provide a safe place in which to work;

    (b) Defendant failed to comply with its own policies and procedures;

    (c) Defendant failed to operate the ship properly;

    (d) Defendant failed to warn plaintiff of a potentially dangerous condition;

    (e) Defendant failed to train employees in safe work practices;

    (f) Defendant failed to maintain the ship properly;

    (g) Defendant failed to inspect the vessel to ensure it was sound and seaworthy;

    (h) Defendant failed to provide a competent crew;

    (i) Defendant failed to provide adequate medical care; and

    (j) Other particulars to be shown at the trial of this case.

27. As a result of the incident which is the basis of this claim, the Plaintiff suffered injury and suffered and continues to suffer great pain of body and anguish of mind, inconvenience, embarrassment, humiliation, anxiety and emotional distress; incurred and continues to incur medical expenses; lost time and wages from his usual work and pursuits and continues to suffer such losses; suffered permanent loss of earning capacity; and suffered and will continue to suffer other damages as will be shown at trial.

28. This cause of action is brought under the Merchant Marine Act of 1920, 46 U.S.C. §30104, commonly called the Jones Act.

WHEREFORE, the Plaintiff, JOHN C. BUMGARNER, JR., demands judgment against the Defendant, United States of America, in an amount to be determined by the Court together with costs and post-judgment interest.

## COUNT II
## GENERAL MARITIME LAW – UNSEAWORTHINESS

29. The Plaintiff reiterates the allegations written in all paragraphs set forth above.

30. The injury suffered by the Plaintiff was due to no fault of his but was caused by the unseaworthiness of the Vessel.

31. The Vessel was unseaworthy because equipment provided on the Vessel was not fit for the purpose for which it was intended and was unsafe as a result.

32. The Vessel further was unseaworthy because the Defendant failed to provide a competent crew to direct and undertake the work.

33. As a result of the incident which is the basis of this claim, the Plaintiff suffered injury and suffered and continues to suffer great pain of body and anguish of mind, inconvenience, embarrassment, humiliation, anxiety and emotional distress; incurred and

continues to incur medical expenses; lost time and wages from his usual work and pursuits and continues to suffer such losses; suffered permanent loss of earning capacity; and suffered and will continue to suffer other damages as will be shown at trial.

34. This cause of action is brought under general maritime law for unseaworthiness.

WHEREFORE, the Plaintiff JOHN C. BUMGARNER, JR. demands judgment against the Defendant United States of America in the amount to be determined by the Court together with costs and post-judgment interest.

## COUNT III
## GENERAL MARITIME LAW - MAINTENANCE AND CURE

35. The Plaintiff JOHN C. BUMGARNER, JR. reiterates all of the allegations written in all paragraphs above.

36. Pursuant to the general maritime law of the United States, U.S.A. is duty bound to provide to Plaintiff maintenance and cure.

37. U.S.A. failed to pay to Plaintiff all maintenance and cure due to him.

38. As a result of the incident which is the basis of this claim, the Plaintiff suffered injury and suffered and continues to suffer great pain of body and anguish of mind, inconvenience, embarrassment, humiliation, anxiety and emotional distress; incurred and continues to incur medical expenses; lost time and wages from his usual work and pursuits and continues to suffer such losses; suffered permanent loss of earning capacity; and suffered and will continue to suffer other damages as will be shown at trial.

WHEREFORE, the Plaintiff JOHN C. BUMGARNER, JR. demands judgment against the Defendant United States of America in the amount of Seven Hundred Fifty Thousand Dollars ($750,000.00) for the aggregate of all claims set forth above, together with all costs incident to this action and post-judgment interest.

JOHN C. BUMGARNER, JR.

By: /s/ Paul D. Bekman
Counsel

Paul D. Bekman, Esquire
Federal Bar No. 00019
Salsbury, Clements, Bekman,
   Marder & Adkins, LLC
300 West Pratt Street, Suite 450
Baltimore, Maryland 21201
Telephone: 410-539-6633
Facsimile: 410-625-9554
Email: bekman@scbmalaw.com


On request for admission *pro hac vice*
by separate document:

Deborah C. Waters, Esquire
Attorney at Law; Proctor in Admiralty
Virginia State Bar No: 28913
Waters Law Firm, P.C.
Town Point Center Building
150 Boush Street, Suite 600
Norfolk, Virginia 23510
Telephone: 757-446-1434
Facsimile: 757-446-1438
Email: dwaters@waterslawva.com

*Counsel for the Plaintiff*